FILED

2015 Oct-05 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **CAMP WINNATASKA, INC.** ) | |
| **a/k/a CAMP WINNATASKA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | **4:15-cv-01024-KOB** |
| ) | |
| **NATIONAL CASUALTY** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>AMENDMENT TO COMPLAINT</u>

COMES NOW, plaintiff Camp Winnataska, by and through its counsel of record and hereby amends its Complaint as follows:

### COUNT FOUR

23. Plaintiff adopts and incorporates by references paragraphs 1 through 22 as if set forth fully herein.

24. Plaintiff alleges that NCC's actions in refusing to honor the terms of said policy of insurance constitutes a breach of the insurance contract because NCC had no valid basis for denying Plaintiff's claim for all costs and expenses necessary to replace the gym.

25. As a proximate consequence of NCC's refusal to honor the terms of the policy of insurance, Plaintiff has been caused to suffer the following injuries and damages:

(a)   Plaintiff has expended substantial monies to purchase insurance for which rightful coverage has not been provided;

(b)   Plaintiff has been forced to incur attorney's fees necessitated by NCC's refusal to honor Plaintiff's claim;

(c)   Plaintiff has been thwarted in its efforts to operate its camp, demolish and then reconstruct the insured building all of which has inconvenienced Plaintiff greatly and was directly caused by NCC's refusal and failure to pay the benefits to which Plaintiff was rightfully entitled under the subject policy of insurance and sustained damages for which NCC is legally responsible and for which Plaintiff is entitled to be paid under said policy.

26.   Plaintiff alleges that NCC intentionally breached the implied in law duty to deal in good faith in the evaluation and paying of claims and that NCC has intentionally refused to honor its obligations fully to indemnify Plaintiff for the damage to the Gym and the costs necessary to reconstruct the Gym with no lawful basis for the refusal to honor Plaintiff's claims coupled with actual knowledge of that fact.

27.   NCC breached its duty of fair dealing and good faith owed to Plaintiff, and NCC's conduct in denying Plaintiff's claim for the costs and

expenses necessary to demolish and reconstruct the Gym was so flagrant, oppressive and/or committed with such reckless disregard of the rights of Plaintiff as to constitute willful and malicious conduct on the part of NCC.

28.    As a proximate result of the aforementioned conduct of NCC, Plaintiff has suffered damages under the terms of the insurance policy, costs of court and attorneys' fees and other damages (including, but not limited to, loss of use and enjoyment of its property) to be shown at the time of trial.

29.    NCC has acted toward Plaintiff with a conscious disregard of its rights, or with the intent to vex, injure or annoy Plaintiff; such as to constitute oppression, fraud or malice, thereby entitling Plaintiff to an award of punitive damages.

30.    Plaintiff further avers that NCC is guilty of conduct evincing a pattern or practice of intentional misconduct or is guilty of conduct involving actual malice.

WHEREFORE, Plaintiff demands judgment against NCC for damages, including actual and punitive damages, including interest and all costs of these proceedings.

## COUNT FIVE

31.     Plaintiff adopts and incorporates by reference paragraphs 1 through 30 as if set forth fully herein.

32.     Plaintiff alleges that NCC intentionally failed to determine whether or not there was any lawful basis for its refusal to honor Plaintiff's claim for all costs and expenses necessary to replace the Gym.

33.     Plaintiff alleges that NCC recklessly and/or wantonly failed to thoroughly investigate Plaintiff's claim and that NCC was incompetent in the way that the claim was investigated.  Further, NCC failed to conduct any analysis of the claim asserted by Plaintiff whether cognitive or otherwise.

34.     NCC breached its duty of fair dealing and good faith owed to Plaintiff and NCC's conduct in failing to properly investigate Plaintiff's claims was so flagrant, oppressive and/or committed with such reckless disregard of Plaintiff's rights as to constitute willful and malicious conduct on the part of NCC.

35.     As a proximate result of the aforesaid wrongful conduct of NCC, Plaintiff has suffered damages under the terms of the subject insurance policy, costs of court and attorneys' fees, and other damages (including, but not limited to, loss of use and enjoyment of its property) to be shown at the time of trial.

WHEREFORE, Plaintiff demands judgment against NCC for damages, including actual and punitive damages and including interest and all costs of these proceedings.

## COUNT SIX

36.    Plaintiff adopts and incorporates by reference paragraphs 1 through 35 as if set forth fully herein.

37.    The aforesaid actions of NCC have impaired Plaintiff's use and enjoyment of its property by NCC knowingly causing delay in Plaintiff's ability to demolish, repair and/or rebuild the Gym such that Plaintiff has been denied the use and enjoyment of its property and had to expend unnecessary monies to construct a temporary facility to serve some of the purposes for which the Gym was used.

WHEREFORE, Plaintiff demands judgment against NCC for the tort of nuisance and prays that this Court will award it damages, including actual and punitive damages (as the conduct creating the nuisance claim was done intentionally, recklessly and/or with contumely), as well as all other legal, equitable, injunctive and other relief to which it may be entitled, including, but not limited to, costs of court.

Plaintiff further reserves the right to file a supplemental amendment to its Complaint in that Defendant National Casualty Company has failed to provide the

required Rule 26 Disclosures including, but not limited to, a certified copy of the

policy at issue.

Respectfully Submitted,

*/s/ Frank C. Galloway III*
Frank C. Galloway III

**OF COUNSEL:**
GALLOWAY, SCOTT, MOSS & HANCOCK, LLC
2200 Woodcrest Place, Suite 310
205.949.5580
205.949.5581 *fax*
fcg3@gallowayscott.com

*/s/ Elizabeth Ann McMahan*
Elizabeth Ann McMahan

**OF COUNSEL:**
SIMPSON, MCMAHAN, GLICK & BURFORD PLLC
2700 Highway 280, Suite 203W
Birmingham, AL 35223
205.876.1600
205.876.1616 *fax*
amcmahan@smgblawyers.com

*Attorneys for Plaintiff Camp*
*Winnataska, Inc., a/k/a Camp*
*Winnataska*

## JURY DEMAND

As with its initial complaint, Plaintiff prays for a trial by jury as to all matters so triable,and for an advisory jury as to all other matters.

6

## **CERTIFICATE OF SERVICE**

I certify that on October 5, 2015, a copy of the foregoing was filed in accordance with the Court's CM/ECF Guidelines and served via the Court's CM/ECF system on all counsel of record:

> Kori L. Clement
> Brennan C. Ohme
> Hare & Clement, P.C.
> 100 Chase Park South, Suite 200
> Hoover, Alabama 35244
> 205.322.3040
> clem@harelaw.com
> ohme@harelaw.com

> */s/ Frank C. Galloway III*
> *One of the attorneys for Plaintiff,*
> *Camp Winnataska, Inc., a/k/a*
> *Camp Winnataska*