## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **CAMP WINNATASKA, INC.,** | ] | |
| **a/k/a CAMP WINNATASKA,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 4:15-CV-01024-KOB** |
| | ] | |
| **NATIONAL CASUALTY** | ] | |
| **COMPANY,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

This case is before the court on the "Defendant's Motion for Partial Dismissal." (Doc. 16). In this Motion, Defendant National Casualty Company asks the court to dismiss Plaintiff Camp Winnataska's claims against it for wanton and negligent bad faith and nuisance in Counts IV-VI of its Amended Complaint.

For the reasons set out in this Memorandum Opinion, the court will GRANT IN PART and DENY IN PART Defendant's Motion. Specifically, the court will DENY Defendant's Motion as to the alleged wanton and negligent bad faith claims in Counts IV and V of Plaintiff's Amended Complaint, but will GRANT Defendant's Motion as to the nuisance claim in Count VI of Plaintiff's Amended Complaint.

## I.    Procedural History

On March 17, 2015, Plaintiff Camp Winnataska filed a Complaint against Defendants National Casualty Company, St. Clair County, St. Clair County Board of Health, and other Fictitious Defendants in the Thirtieth Judicial Circuit Court of Alabama, St. Clair County, Pell

City Division. Camp Winnataska alleged a breach of contract by National Casualty Company, and sought a writ of mandamus and a declaratory judgment against the remaining Defendants. Camp Winnataska amended its Complaint on April 27, 2015, incorporating by reference its previous Complaint and adding a fourth count for injunctive relief. On June 8, 2015, the state court dismissed all claims against Defendants St. Clair County, St. Clair Board of Health, and the Fictitious Defendants, leaving at that time only the breach of contract claim against National Casualty Company.[1]

After learning in discovery responses that the damages sought by Camp Winnataska exceeded the amount in controversy requirement, National Casualty Company removed the case to this court on June 18, 2015 on the basis of diversity jurisdiction. On October 5, 2015, Camp Winnataska filed a second Amended Complaint, incorporating by reference its original Complaint and adding three counts against National Casualty Company with claims for bad faith and nuisance. On October 19, 2015, National Casualty Company filed the Motion to Dismiss that is the subject of this Opinion. That Motion to Dismiss has been fully briefed.

## II.   Facts

Plaintiff Camp Winnataska owns and operates a camp in St. Clair County, Alabama. The camp facilities include a gymnasium for which National Casualty Company provided commercial property insurance coverage. On May 14, 2014 – within the policy's coverage period – the roof

---

[1] Although the state court did not explicitly state which counts of Camp Winnataska's Complaint it dismissed, Counts I and II of the Complaint and Count IV of the First Amended Complaint seek relief only from the Defendants that were dismissed. Therefore, the court concludes that the state court dismissed Counts I, II, and IV of Camp Winnataska's Complaint and Amended Complaint in full, leaving only Count III, alleging breach of contract by National Casualty Company.

of the gymnasium collapsed. Camp Winnataska filed a claim with National Casualty Company, asking it to pay for the damage to the collapsed roof and to pay for the demolition and reconstruction of the remainder of the gymnasium. National Casualty Company paid Camp Winnataska for the damage to the roof, but denied coverage as to the remainder of the gym. Camp Winnataska alleges that this denial was a breach of contract, was done in bad faith, and created a nuisance on its property.

## III.   Legal Standard

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).   It does, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).   Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570).

To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has identified "two working principles" for the district court to use in applying the facial plausibility standard.  The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.   The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts.  That task  is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed.  *Id.*

IV.    **Discussion**

A.    Bad Faith Claims - Counts IV and V

National Casualty Company argues that the court should dismiss Counts IV and V of Camp Winnataska's Amended Complaint because Alabama does not recognize causes of action for negligent or wanton handling of insurance claims. *See Kervin v. Southern Guar. Ins. Co.*, 667 So. 2d 704, 706 ("[T]his Court has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims.")

*If* Camp Winnataska had merely alleged that National Casualty Company negligently, wantonly, or incompetently handled its insurance claims, *then* Camp Winnataska would not have stated viable causes of action. However, Camp Winnataska has alleged more than mere negligence or wantonness; Camp Winnataska has stated viable claims for bad faith.

Under Alabama law, "an actionable tort arises for an insurer's intentional refusal to settle a direct claim where there is either '(1) no lawful basis for the refusal coupled with actual knowledge of the fact or (2) intentional failure to determine whether or not there was any lawful basis for such refusal.'" *Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So. 2d 1, 7 (Ala. 1981). Within this singular tort of bad faith, two methods of proof exist: "'normal' bad faith, also known as bad faith refusal to pay, and 'abnormal' bad faith, known as bad faith refusal to investigate." *Bailey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 1:12-cv-4206-KOB, 2015 WL 1883725, at *8 (N.D. Ala. April 24, 2015) (citing *State Farm Fire & Cas. Ins. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2014)).

5

To state a claim for "normal" bad faith, a party must allege: "(1) a breach of the insurance contract; (2) an intentional refusal to pay the insured's claim; (3) the absence of any reasonably legitimate or arguable reason for that refusal; and (4) the insurer's actual knowledge of the absence of any legitimate or arguable reason." *Mutual Serv. Cas. Ins. Co. v. Henderson*, 368 F.3d 1309, 1314 (11th Cir. 2004) (citing *Employees' Benefit Assoc. v. Grissett*, 732 So. 2d 968, 976 (Ala. 1998)); *see also Brechbill*, 144 So. 3d at 257.

Camp Winnataska has sufficiently pled a claim for "normal" bad faith denial of its insurance claim in Count IV of its Amended Complaint by alleging that National Casualty Company acted in bad faith when it denied Camp Winnataska's claim for the costs and expenses necessary to demolish and reconstruct the gymnasium. Specifically, Camp Winnataska alleges (1) that National Casualty Company breached the insurance contract by refusing to pay its claim; (2) that National Casualty Company intentionally refused to pay Camp Winnataska's claim; (3) that National Casualty had no legitimate basis for refusing to pay; and (4) that National Casualty Company had actual knowledge of the absence of a legitimate reason.

To state a claim for "abnormal" bad faith, a party must allege, in addition to the first four elements, that the insurer intentionally failed to determine whether there was a legitimate or arguable reason to refuse to pay the claim. *See, e.g., Nat'l Sec. Fire & Cas. Co. v. Bowen*, 419 So. 2d 179, 183 (Ala. 1982) ("[I]f the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.").

Camp Winnataska has also sufficiently pled a claim for "abnormal" bad faith in Count V

6

of its Amended Complaint. In Count V, Camp Winnataska alleges that National Casualty Company intentionally failed to determine whether any lawful basis existed for its refusal to honor Plaintiff's claim. Further, Camp Winnataska alleges that National Casualty Company was incompetent in the way that the claim was investigated and that National Casualty Company failed to conduct any analysis of Camp Winnataska's claim.

Because Camp Winnataska has stated cognizable claims for bad faith refusal to pay and bad faith refusal to investigate in Counts IV-V of its Amended Complaint, the court will DENY National Casualty Company's Motion to Dismiss as to these Counts.

B.    Nuisance Claim - Count VI

However, the court finds that Camp Winnataska has failed to state a viable claim for nuisance in Count VI of its Amended Complaint.

The Alabama Code defines a nuisance as "anything that works hurt, inconvenience, or damage to another." Ala. Code § 6-5-120 (1975). Alabama courts have explained that "the term 'nuisance' involves the idea of *recurrence* of the acts causing the injury." *Banks v. Harbin*, 500 So. 2d 1027, 1029 (Ala. 1986) (emphasis added); *see also McCalla v. Louisville & N.R. Co.*, 163 Ala. 107, 110 (Ala. 1909) ("There is a wide difference between tort, constituting an invasion of personal or contract right, and nuisance. The former expends its force in one act, although injurious consequences may be of lasting duration. A nuisance involves the idea of *continuity or recurrence*.") (citations omitted) (emphasis added).

Camp Winnataska has not alleged that National Casualty Company engaged in any recurring conduct that caused it injury. Camp Winnataska has only alleged that National Casualty

Company engaged in a single act: the denial of its insurance claim. This denial alone is insufficient to state a claim for nuisance.

The court is unaware of, and Camp Winnataska does not cite, any case addressing whether a denial of an insurance claim could constitute a nuisance. However, it appears to the court that Camp Winnataska's nuisance claim is really a roundabout way of seeking redress for an alleged breach of the insurance contract.

In *Fassina v. CitiMortgage, Inc.*, in the context of an allegedly wrongful foreclosure, the court distinguished between breach of contract and nuisance claims. No. 2:11-CV-2901-RDP, 2012 WL 2577608 (N.D. Ala. July 2, 2012). The court explained:

> [A] breach of contract claim is a separate claim under Alabama law with starkly different elements than those required to establish a nuisance claim. The resolution of Plaintiff's nuisance claim as pled hinges on the determination of whether the foreclosure sale was wrongful; Plaintiff's claim does not rest on any facts that would support a nuisance claim sufficient to withstand a motion to dismiss. Additionally, a nuisance is characterized by recurrent or continuous conduct, and the one-time foreclosure sale does not embody this sort of conduct. Finally, the assertion of this claim is essentially an end run around the rule that Alabama law does not permit a tort-like cause of action for a breach of a contract duty. For all these reasons, the court finds that Plaintiff's nuisance claim is in essence a breach of contract claim. Accordingly, the court concludes that Plaintiff has not plead a plausible nuisance claim.

*Id*. at *10.

Similarly, in the instant case, the court finds that Camp Winnataska has not pled a plausible nuisance claim. Camp Winnataska's claim against National Casualty Company is also in essence a breach of contract claim. Camp Winnataska has not alleged that National Casualty

Company engaged in any continuous or recurring conduct, sufficient to support a claim of nuisance. It has only alleged that, in refusing to pay Camp Winnataska's claim and in causing delay to Camp Winnataska's ability to demolish and rebuild the gymnasium, National Casualty Company has impaired Camp Winnataska's use and enjoyment of its property. This conduct alone is insufficient to support a nuisance claim.

Therefore, the court will GRANT National Casualty Company's Motion to Dismiss as to Count VI of Camp Winnataska's Amended Complaint for the tort of nuisance.

## V.     Conclusion

For the reasons stated in this Memorandum Opinion, the court finds that National Casualty Company's Motion to Dismiss is due to be DENIED IN PART and GRANTED IN PART.

The court finds that Camp Winnataska has stated viable claims for bad faith refusal to pay and bad faith refusal to investigate in Counts VI and V of its Amended Complaint. Accordingly, the court will DENY National Casualty Company's Motion as to these Counts. The courts finds, however, that Camp Winnataska has failed to state a claim for nuisance in Count VI of its Amended Complaint. Therefore, the court will GRANT National Casualty Company's Motion as to this Count and will DISMISS Camp Winnataska's nuisance claim.

The court will enter a separate Order along with this Opinion.

DONE and ORDERED this 18th day of May, 2016.

_____

KARON OWEN BOWDRE

CHIEF UNITED STATES DISTRICT JUDGE